UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

LAMONT TARRENCE McGEE,                                    Civil No. 11-332 (PJS/FLN)

        Petitioner,

    v.                                                                    **REPORT AND RECOMMENDATION**

STATE OF MINNESOTA,

        Respondent.

---

      This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I.  BACKGROUND

      In April 2006, Petitioner agreed to plead guilty to third degree assault in a criminal case brought against him in the state district court for Hennepin County, Minnesota. McGee v. State, No. A10-245 (Minn.App. 2010), 2010 WL 3855177 (unpublished opinion) at *1, rev. denied, December 22, 2010. Petitioner did not appear for his original sentencing hearing, but ultimately he returned to court, and in September 2006, he was sentenced to

---

    [1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

23 months in prison for his third degree assault conviction.  Id. at **1-2.[2]

Petitioner did not file a direct appeal following his 2006 conviction and sentence for third degree assault.  However, in August 2009, Petitioner challenged the legality of his sentence by filing a post-conviction motion in the trial court.  Id. at *2.  Petitioner's motion was denied, and he appealed.  Id.  The Minnesota Court of Appeals rejected all of Petitioner's claims, and "affirm[ed] the postconviction court's denial of relief."  Id. at *4.  The Minnesota Supreme Court denied Petitioner's application for further review on December 22, 2010.

Petitioner's current habeas corpus petition, which was filed on February 8, 2011, presents one ground for relief, which Petitioner has identified as follows:

> "Violation of Double Jeopardy & Ex Post Facto Laws rendering the imposed sentence as unlawful."

(Petition, [Docket No. 1], p. (5), § 12.A.)  However, Petitioner's current habeas corpus claim cannot be adjudicated on the merits, because this action is barred by the one-year statute of limitations that applies to federal habeas corpus petitions filed by state prisoners.

---

[2]  As part of Petitioner's original plea agreement, the State agreed not to pursue some other possible criminal charges against Petitioner.  However, Petitioner forfeited that benefit when he failed to appear at his sentencing hearing, and he was later charged with criminal sexual conduct.  McGee, 2010 WL 3855177 at *1.  In March 2007, Petitioner pled guilty to third degree criminal sexual conduct, and in April 2007, he was sentenced to 117 months in prison for that offense.  Id.  As far as the Court can tell, Petitioner is not presently challenging his 2007 conviction and sentence for third degree criminal sexual conduct.  Moreover, if he were attempting to challenge that conviction and sentence here, it appears that his current petition would have to be summarily dismissed for failure to exhaust state court remedies.  See Baldwin v. Reese, 541 U.S. 27, 29 (2004) ("Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights'") (citations omitted).

## II.  DISCUSSION

28 U.S.C. § 2244(d) establishes a one-year statute of limitations for habeas corpus

petitions filed by state prison inmates.  The statute provides as follows:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing in Petitioner's submissions which suggests that clauses

(B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no suggestion

that the State created any unconstitutional impediment that prevented Petitioner from

seeking federal habeas relief within the prescribed one-year limitations period, and

Petitioner has not shown that his current claims are based on any new, retroactively

applicable, constitutional ruling, or any new and previously undiscoverable evidence that

could extend the deadline for seeking federal habeas corpus relief.

Thus, the Court finds that the one-year limitations period began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." A judgment of conviction and sentence must have been entered in the trial court when Petitioner was sentenced in September 2006. See McGee, 2010 WL 3855177 at *2. Because Petitioner did not pursue a direct appeal, that judgment became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review of Petitioner's conviction and sentence must have expired sometime in December 2006, (i.e., 90 days after sentencing), and the judgment in Petitioner's criminal case became "final," for purposes of § 2244(d)(1)(A), at that time. The deadline for seeking federal habeas corpus relief expired one year later, i.e., no later than December 31, 2007.

Petitioner did not file his current petition, however, until February 2011, which was more than three years after the statute of limitations had expired. Therefore, the current petition is time-barred, unless the statute of limitations was somehow tolled.

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner files a state post-conviction motion, or otherwise seeks collateral relief, in a procedurally proper state court proceeding. The statute remains tolled during the entire period of time that such collateral proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999).

4

However, the tolling provisions of § 2244(d)(2) cannot aid Petitioner here, because the statute of limitations had already expired before he filed his post-conviction motion in the trial court.  The statute of limitations expired no later than December 31, 2007, and, according to the Minnesota Court of Appeals, Petitioner did not file his state post-conviction motion until August 2009,[3] which was approximately nineteen months after the federal habeas limitations period had already expired.  See Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"); McMullan v. Roper, 599 F.3d 849, 852 (8th Cir.) ("[t]he time between the conclusion of a direct appeal and the filing of a state court application for post-conviction relief does not toll the AEDPA statute of limitations"), cert. denied, 131 S.Ct. 632 (2010).  Thus, Petitioner's post-conviction motion could not have tolled the statute of limitations, because the limitations period had already expired long before that motion was filed.  See Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired").  See also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute "because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").

---

[3] McGee, 2010 WL 3855177 at *2.

Petitioner may believe that his state post-conviction motion did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitations period that did not begin to run until his state post-conviction proceedings were fully completed in December 2010.  However, that is simply not the case.  "Section 2244(d)(2) only stops, but does not reset, the [statute of limitations] clock from ticking and cannot revive a time period that has already expired." Cordle v. Guarino, 428 F.3d 46, 48, n. 4 (1st Cir. 2005) (citations omitted).  Again, once the statute of limitations expired in this case, which was no later than December 31, 2007, it could not thereafter be restarted by the filing of Petitioner's subsequent post-conviction motion in August 2009.

Finally, the Court has considered whether the doctrine of "equitable tolling" could save this action from being time-barred.  See Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003).  See also Holland v. Florida, 130 S.Ct. 2549, 2560 (2010) ("like all 11 Courts of Appeals that have considered the question, we hold that § 2244(d) is subject to equitable tolling in appropriate cases").

However, the Eighth Circuit Court of Appeals has made it very clear that equitable tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added).  See also White v. Dingle, 616 F.3d 844, 847 (8th Cir. 2010) ("[u]nder the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way").  "'[A]ny invocation of equity to relieve the

6

strict application of a statute of limitations must be <u>guarded and infrequent</u>, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" <u>Jihad</u>, 267 F.3d at 806, (quoting <u>Harris v. Hutchinson</u>, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. <u>Kreutzer v. Bowersox</u>, 231 F.3d 460, 463 (8th Cir. 2000), <u>cert</u>. <u>denied</u>, 534 U.S. 863 (2001).  Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.  <u>Id</u>.  "The burden of demonstrating grounds warranting equitable tolling rests with the petitioner."  <u>Earl v. Fabian</u>, 556 F.3d 717, 722 (8th Cir. 2009).

In this case, Petitioner has not requested equitable tolling, and there is nothing in his submissions which suggests that he could possibly be eligible for equitable tolling.  It appears that in this case, as in <u>Baker</u>, Petitioner simply was not "diligent in acting to protect his right to federal habeas review of his conviction."  321 F.3d at 772.  Therefore, the tardiness of this action cannot be excused based on equitable tolling.

## III.  CONCLUSION

For the reasons discussed above, the Court finds that this action is time-barred.  The statute of limitations deadline for seeking federal habeas corpus relief expired in this case in December 2007.  However, Petitioner did not file his current petition until February 2011.  Petitioner's state post-conviction motion could have tolled the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2), <u>if</u> it had been filed before the federal limitations period expired.  However, there was no effective § 2244(d)(2) tolling in this case, because

Petitioner did not file his post-conviction motion in the trial court until August 2009, which was long after the federal statute of limitations had already expired.   Thus, the Court concludes that Petitioner's current § 2254 habeas corpus petition is time-barred, and this action must be summarily dismissed with prejudice.

Having determined that this action must be summarily dismissed, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis, ("IFP"), be summarily denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV.  CERTIFICATE OF APPEALABILITY

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).   A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here.   Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.   It is therefore recommended that Petitioner should not be granted a COA in this matter.

## V.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2.  Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2),

be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4.  Petitioner should **NOT** be granted a Certificate of Appealability.

Dated: February  17 , 2011

s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **March 3, 2011**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.   This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.